## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANTOINETTE A. TURNER**                              **CIVIL ACTION**

**VERSUS**                                            **No. 08-4951**

**HONORABLE HERBERT A. CADE et al.**                  **SECTION: I/5**


## ORDER AND REASONS

Plaintiff, Antoinette A. Turner ("Ms. Turner"), proceeding in forma pauperis, has filed a petition alleging various constitutional and civil rights deprivations in connection with a state court proceeding.[1]  In her "petition for damages," Ms. Turner sued fourteen defendants, to wit:

1.  Judge Herbert A. Cade;
2.  The Law Office of Gregory P. DiLeo;
3.  Gregory P. DiLeo;
4.  Jennifer Eagan;
5.  Sylvester DiLeo;
6.  The Law Offices of Forstall, Mura & Powers, PLLC;
7.  Robert J. Landry;
8.  Marcia S. Montero;
9.  The Law Firm of Wolff & Wolff;
10. Charlsey Wolff;
11. The Law Offices of Steib and Gardner;
12. Myles B. Steib;
13. Julie A. Gardner; and
14. Antoine P. Turner.

---

[1] R. Doc. No. 1, compl. at 3.  Ms. Turner was the plaintiff in a previous lawsuit dismissed by this Court on similar grounds, Turner v. Chase, No. 08-3884.  In that case, Ms. Turner attacked the judgment of the Orleans Parish Civil District Court in her divorce proceedings.  This Court dismissed Ms. Turner's complaint on similar grounds. The instant case was initially allotted to a different Section of this Court and was transferred to this Section on April 13, 2009.  R. Doc. No. 76.

Defendants have filed motions to dismiss the petition.[2]  Because this Court lacks subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine, Ms. Turner's petition is **DISMISSED WITH PREJUDICE**.

## *BACKGROUND*

On May 14, 2007, Ms. Turner filed a petition for damages in Civil District Court for the Parish of Orleans related to the alleged sale of immovable property at 6032-6034 St. Claude Street in New Orleans.[3]  On October 8, 2007, Judge Cade entered a judgment dismissing the matter with prejudice.[4]  On October 3, 2008, the Supreme Court of Louisiana denied Ms. Turner's writ application.[5]

Ms. Turner filed a "petition for damages" in this Court on November 19, 2008.  In her petition, Ms. Turner alleges that all defendants conspired together during the state court proceedings to deprive her of her constitutional rights, as well as her interest in the property which was the subject of the state court lawsuit.[6]  She alleges that all defendants, excepting Judge Cade, obtained a judgment by misconduct and fraud in the state proceedings.[7]  She further alleges that Judge Cade colluded and conspired with defendants to violate her constitutional

---

[2] See R. Doc. Nos. 29, 44, 48, 65.

[3] Compl. ¶¶2, 4.

[4] R. Doc. No. 48-3, state court judgment.

[5] R. Doc. No. 48-4.

[6] Compl. ¶¶1, 7.

[7] Id. ¶6.

rights and rendered a judgment based on fraudulent misrepresentations and false evidence.[8]

In the petition's prayer for relief, Ms. Turner seeks the following remedies:

1. Plaintiff is allowed a jury trial in the above numbered and entitled caption.
2. All defendants are found in violation of plaintiff's constitutional rights in the petition.
3. All defendants are found in violation of plaintiff's civil rights asserted in petition.
4. All defendants are found in violation of Louisiana civil codes asserted in the petition.
5. Defendant Charlsey Wolff is found in violation of Louisiana civil code article 37:218.
6. Vicarious liability is assigned to the legal firms and private limited liability corporation for acts / omissions of their staff attorney, employee, agent or representatives.[9]

Further, Ms. Turner asserts that "the rendered judgment by Judge Herbert A. Cade should be determined void as it was obtained on the basis of fraudulent misrepresentations regarding a contract agreement and false evidence of an act of sale, in violation of her constitutional and civil rights."[10]

Defendants have moved to dismiss the petition, asserting the following defenses: lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine; lack of specific factual allegations upon which relief can be granted for a claim of fraud; and res judicata. In addition to these defenses, defendant Cade has asserted the Eleventh Amendment and absolute judicial immunity as defenses to liability. In their motions to dismiss, defendants Wolff, Steib, Gardner, Mr. Turner, Gregory DiLeo, and Sylvester DiLeo have also asserted claims for attorneys' fees

---

[8] Id. ¶¶7-11, 17.

[9] Id. at 9.

[10] Id. ¶17.

and costs.

*LAW AND ANALYSIS*

I.    **Rooker-Feldman Doctrine**

The Rooker-Feldman doctrine holds that federal district courts lack subject matter

jurisdiction to hear collateral attacks on state court judgments.[11]  See United States v. Shepherd,

23 F.3d 923, 924 (5th Cir. 1994).  "A federal complainant cannot circumvent this jurisdictional

limitation by asserting claims not raised in the state court proceedings or claims framed as

original claims for relief.  If the district court is confronted with issues that are 'inextricably

intertwined' with a state judgment, the court is 'in essence being called upon to review the

state-court decision,' and the originality of the district court's jurisdiction precludes such a

review."  Id. (quoting Feldman, 460 U.S. at 482 n.16) (footnote omitted) .

"Constitutional questions arising in state proceedings are to be resolved by the state

courts.  If a state trial court errs the judgment is not void, it is to be reviewed and corrected by

the appropriate state appellate court."  Liedtke v. State Bar of Tx., 18 F.3d 315, 317 (5th Cir.

1994).  "The casting of a complaint in the form of a civil rights action cannot circumvent this

rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction,

lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'"  Id.

(quoting Kimball v. Fl. Bar, 632 F.2d 1283, 1284 (5th Cir. 1980)) (alterations in original).  "The

federal courts do not have subject matter jurisdiction over challenges to state-court decisions in

particular cases arising out of judicial proceedings even if those challenges allege that the state

court's action was unconstitutional."  Musslewhite v. State Bar of Tx., 32 F.3d 942, 946 (5th Cir.

---

[11] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462
(1983).

1994) (emphasis in original).


**II.     Ms. Turner's Petition**

Having reviewed the relief sought by Ms. Turner in her petition, it is clear to this Court

that her lawsuit amounts to a collateral attack on the state court's judgment.  This case falls

squarely within that category of cases which federal district courts have refused to hear because

they lack subject matter jurisdiction.  In a recent opinion, the United States Supreme Court

reiterated the contours of the <u>Rooker-Feldman</u> doctrine:

> The <u>Rooker-Feldman</u> doctrine, we hold today, is confined to cases
> of the kind from which the doctrine acquired its name: cases
> brought by state-court losers complaining of injuries caused by
> state-court judgments rendered before the district court
> proceedings commenced and inviting district court review and
> rejection of those judgments.

<u>Exxon Mobil Corp. v Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).  Ms. Turner's petition

urges this Court to reopen her state court lawsuit and, ultimately, to nullify a judgment adverse to

her.  This case is within <u>Exxon Mobil</u>'s delineation of those circumstances in which dismissal for

lack of subject matter jurisdiction is proper.

That Ms. Turner classifies her alleged injuries caused by the state court property

judgment as civil rights violations does not affect the present analysis.  "A lengthy line of [Fifth

Circuit precedent] . . . holds that litigants may not obtain review of state court actions by filing

complaints about those actions in lower federal courts cast in the form of civil rights suits."  <u>Hale</u>

<u>v. Harney</u>, 786 F.2d 688, 690-91 (5th Cir. 1986).

**III.    Conclusion**

Accordingly,

Because this Court lacks subject matter jurisdiction in this case, **IT IS ORDERED** that

the petition filed by Antoinette A. Turner is **DISMISSED WITH PREJUDICE**.[12]

**IT IS FURTHER ORDERED** that defendants' motions for attorneys' fees and costs are

**DENIED**.

New Orleans, Louisiana, May 19, 2009

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[12] Because this Court lacks subject matter jurisdiction, all other pending motions in this case are **DISMISSED AS MOOT**.