UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTOINETTE A. TURNER                                                                     CIVIL ACTION

                                                                                                          No. 08-3884
VERSUS                                                                                                           c/w 08-4951

HONORABLE TIFFANY G. CHASE, et al.                         SECTION I/5

## AMENDED[1] ORDER AND REASONS

Before the Court is a motion for reconsideration filed by plaintiff, Antoinette A. Turner.[2] Defendants, Michael J. Hall, Antoine P. Turner, Charlsey Wolff, Julie A. Gardner, Myles B. Steib, and their respective law firms, Judge Tiffany G. Chase, Judge Paulette Irons, and Clerk of Court Dale Atkins oppose the motion.[3] For the following reasons the motion is **DENIED**.

### *BACKGROUND*

Antoinette A. Turner ("plaintiff") filed this lawsuit on July 9, 2008. In her original complaint, plaintiff sued her former counsel Michael J. Hall and his law firm, her ex-husband Antoine P. Turner and his former counsel Charlsey Wolff, Julie A. Gardner, Myles B. Steib, and their respective law firms, and Judge Tiffany G. Chase, who presided over her divorce case.[4] In her amended complaint, plaintiff added Judge Paulette Irons and Clerk of Court Dale Atkins of

---

[1] This order is being amended to reflect the correct caption for this matter. Because plaintiff's motion was docketed in both matters, this order also resolves R. Doc. No. 99 in Civil Action No. 08-4951.
[2] R. Doc. No. 78.

[3] R. Doc. No. 1; R. Doc. No. 46.

[4] R. Doc. No. 1.

the Orleans Parish Civil District Court.[5] Plaintiff alleges that defendants colluded and conspired together to deprive her of constitutional and property rights in connection with her divorce proceedings.[6] None of plaintiff's allegations regard matters unrelated to her divorce granted by the state court.[7]

On November 20, 2008, this Court *sua sponte* dismissed the complaint and amended complaint filed by plaintiff on grounds of lack of subject matter jurisdiction in accordance with the Rooker-Feldman doctrine.[8] The United States Fifth Circuit Court of Appeal affirmed this Court's decision holding that the district court correctly concluded that the plaintiff's complaint was a collateral attack on a state court judgment.[9]

On December 16, 2009, a Rule 11 hearing was held in another matter before U.S. Magistrate Judge Knowles.[10] At the hearing, an attorney from the law firm of Shorty, Dooley & Hall, the firm that represented plaintiff in her divorce proceedings, allegedly disclosed that he was personally aware of plaintiff's reconciliation with her former husband prior to the state court judgment of divorce being entered against her. According to plaintiff, the Shorty law firm did not inform the state court of the reconcilliation or file for dismissal and the state court granted the divorce during the reconciliation period.[11] Accordingly, plaintiff claims that this disclosure

---

[5] R. Doc. No. 46.

[6] Id. at 1.

[7] See R. Doc. No. 1; R. Doc. No. 46.

[8] R. Doc. No. 59.

[9] R. Doc. No. 76.

[10] The Rule 11 hearing was in *Antoinette Turner v. The Law Firm of Shorty, Dooley & Hall et al*, Civil Action No. 09-4160. None of the defendants in this matter were ever parties to Civil Action No. 09-4160.

[11] The evidence cited by plaintiff is ambiguous at best on this issue. However, for the purposes of deciding this motion, the Court will assume that plaintiff's allegations are true.

2

demonstrates that she was deprived of her property right and interest as a result of the attorney's alleged negligence.[12]

On March 19, 2010, plaintiff filed this motion for vacation of judgment pursuant to Rule 60(b)(2)(3)(4) and (6), (d)(1) and (3). Plaintiff's motion requests relief from the judgment on the grounds of (1) the doctrine of estoppel and (2) fraud pursuant to Rule 60(b) and (d).

## *LAW AND ANALYSIS*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. See Ford v. Troyer, No. 97-890, 1997 WL 731945, at *1 (E.D.La. Nov. 21, 1997). While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." Harrington v. Runyon, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996)(citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)).

If a motion for reconsideration is filed within twenty-eight days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after [twenty-eight][13] days, it will be treated as a 60(b) motion." Id. (citing Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 288 (5th Cir. 1989); Harcon Barge Co. v. D&G Boat Rentals, Inc., 784 F.2d 665, 667-69 (5th Cir. 1986)). A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion. Lavespere, 910 F.2d at 174.

---

[12] The Court notes that plaintiff has not, in her complaint or elsewhere in this matter, made any malpractice claims.

[13] On December 1, 2009, the time period for filing a motion under Rule 59(e) was extended from ten to twenty-eight days. Fed. R. Civ. P. 59(e).

Plaintiff's motion for reconsideration was filed on March 19, 2010; plaintiff's motion seeks relief from a judgment that was entered on November 20, 2008. Accordingly, the motion for reconsideration was received more than a year after the entry of judgment and a Rule 60(b) analysis is appropriate.

"Rule 60(b) relief will be afforded only in 'unique circumstances.'" Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985) (quoting Wilson v. Atwood Group, 725 F.2d 255, 257, 258 (5th Cir. 1984)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. See Motorola Credit Corp. v. Uzan, 561 F.3d 123, 127 (2d Cir. 2009). A district court must exercise its sound discretion in deciding a Rule 60(b) motion. Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic),

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date

of the proceeding." Fed. R. Civ. P. 60(c).

Plaintiff failed to bring this motion to the Court's attention within the one-year time frame required by Rule 60(b)(1)-(3). Accordingly, assuming that plaintiff's motion was filed within a reasonable period of time following the challenged judgment, a finding that this Court does not make, plaintiff's only avenues for relief are pursuant to Rule 60(b)(4)[14] and (6)[15], 60(d).[16]

In her motion, plaintiff seeks relief from the judgment dismissing her allegations against defendant parties pursuant to the United States Constitution, Civil Rights Act and federal and state statutes. Particularly, plaintiff alleges that a disclosure made in a Rule 11 hearing by a member of the law firm that represented her in her divorce proceedings demonstrates that defendants deprived her of her rights.

Although plaintiff contends that her attorney's disclosure sheds new light on her state court judgment, it is clear that plaintiff has failed to demonstrate the necessary prerequisites to

---

[14] "Unlike motions pursuant to other subsections of Rule 60(b), Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not." Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998). "A void judgment is a legal nullity. Although the term 'void' describes a result rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1377 (2010).

[15] "Rule 60(b)(6) provides that a court may act to relieve a party from a final judgment for 'any other reason justifying relief from the operation of the judgment.'" Hess v. Cockrell, 281 F.3d 212, 215 (5th Cir. 2002) (quoting Fed. R. Civ. P. 60(b)(6)). "[C]lause (6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." FDIC v. Yancey Camp Development, 889 F.2d 647, 648 (5th Cir. 1989). However, Rule 60(b)(6) motions will be granted "only if extraordinary circumstances are present." Hess, 281 F.3d at 216.

[16] Rule 60(d) gives district courts authority to grant relief from judgments and orders beyond the specific Rule-based authority given in 60(a) and (b). Pursuant to Rule 60(d), the court has the power to:
   (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
   . . . .
   (3) set aside a judgment for fraud on the court.
Fed. R. Civ. P. 60(d). "To establish fraud on the court, 'it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" First Nat'l Bank v. Lustig, 96 F.3d 1554, 1573 (5th Cir. 1996) (quoting England v. Doyle, 281 F.2d 304, 309 (9th Cir. 1960)).

prevail here in federal court. Plaintiff's original complaint, amended complaint, and this motion are nothing more than collateral attacks on the state court's judgment. Despite the constitutional language employed in plaintiff's complaint, it is apparent that she is essentially seeking to have this Court nullify the divorce judgment rendered by the state court.[17] Accordingly, this case falls squarely within that category of cases which federal district courts have refused to hear because they lack subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.[18]

Even if the disclosure at the Rule 11 hearing could be a basis for the nullity of the judgment of divorce rendered in the state court action, the result in this Court is still the same. Plaintiff has not alleged any claim for relief that is not an attack on the state court proceedings. Accordingly, under any provision of Rule 60, plaintiff's motion must be denied because she has not provided the Court with any allegations that would allow the Court to reconsider its prior order.

## *CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that the motion filed by Antoinette A. Turner is **DENIED.**

New Orleans, Louisiana, June 15, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[17] See R. Doc. No. 1; R. Doc. No. 46.

[18] The Rooker-Feldman doctrine holds that federal district courts lack subject matter jurisdiction to hear collateral attacks on state court judgments. See United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994). "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in state court proceedings or claims framed as original claims for relief. Id. "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court." Liedtke v. State Bar of Tx., 18 F.3d 315, 317 (5th Cir. 1994).